# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

Alexandria Division

FILED
2024 JAN 18  P 1:59

| | |
|---|---|
| Jennifer A. Nikolaisen ) | Case No. 1:24cv88 |
| *Plaintiff* ) | *(to be filled in by the Clerk's Office)* |
| ) | |
| -v- ) | Jury Trial: *(check one)* ☐ Yes ☒ No |
| ) | |
| Department of the Navy ) | |
| *Defendant* ) | |

## COMPLAINT FOR A CIVIL CASE

I. The Parties to This Complaint

   A. **The Plaintiff**

   | | |
   |---|---|
   | Name | Jennifer A. Nikolaisen |
   | Mailing Address | 4393 Kevin Walker Drive PMB 106 |
   | City and County | Montclair, Prince William County |
   | State and Zip Code | Virginia, 22025 |
   | Telephone Number | (850) 276-2680 |
   | E-mail Address | QuanticoTaking@gmail.com |

   B. **The Defendant**

   | | |
   |---|---|
   | Name | Department of the Navy |
   | Job or Title | General Counsel of the Navy, Naval Litigation Office |
   | Street Address | 720 Kennon Street, SE, Room 233 |
   | City and County | Washington Navy Yard, District of Columbia |
   | State and Zip Code | DC, 20374-5013 |
   | Telephone Number | 202-685-7039 |

## II. Basis for Jurisdiction

1) The United States Navy Marine Corps Installation Commander's Interim Access Control Policy dated December 2, 2020 (Exhibit 1) has caused a violation of my First and/or Fifth Amendment rights in the United States Constitution by restricting access in the use of Fuller Road.

2) Fuller Road is the only road of land access to transit to and from the Town of Quantico, where I own private property (Exhibit 2). The unconstitutional Interim Access Control Policy issued and enforced by the Quantico Reservation resulted in denial of the right to use Fuller Road to transit to and from the Town of Quantico on three (3) separate occurrences, resulting in damages for loss of use of my private property of $5,528.39.

3) The Town of Quantico is located in Prince William County, Virginia. It is the only public land and town in the United States that can never grow as it is completely landlocked being surrounded on three sides by the United States Marine Corps Quantico Reservation, and on the fourth side by the Potomac River which divides Virginia and Maryland near the Virginia shoreline.

4) In 1917, the Department of the Navy leased about 5,300 acres of land around then Quantico Village from then Quantico Company. On July 1, 1918, Congress enacted legislation, approved by President Wilson, to acquire by purchase the land they were leasing, as well as another 1,200 acres West of U.S. Highway 1. A map from 1919 showing the Town of Quantico and relation to the Marine Corps Quantico Reservation, and showing what is now known as Fuller Road is attached as Exhibit 3.

5) In 1924, the Commandant of the of the U.S. Marine Corps, and former Commander of the Quantico Marine Barracks, General LeJeune, testified before the United States Representatives Committee on Naval Affairs proposing authorization to purchase then unincorporated Quantico Village consisting of approximately 38 acres. The primary reason for proposal was to eliminate a need for public access to Quantico Village using the road now known as Fuller Road. Congress did not approve the purchase and Quantico Village was incorporated on October 6, 1927 becoming the Town of Quantico.

6) In the 1980s, the Quantico Reservation moved their access control gate at the edge of Fuller Road; however, an individual wishing to visit the Town of Quantico need only state to the sentry gate guard that they are going to the Town of Quantico and would be allowed to proceed.

7) Prior to the unconstitutional changes restricting access to use of Fuller Road to access the Town of Quantico initially made and announced through social media on January 10, 2020 (Exhibit 4), the existing Quantico Access Control Policy was dated April 21, 2016 (Exhibit 5) and indicated that Fuller Road was accessible to the public for the sole purpose of transiting to and from the Town of Quantico upon presenting appropriate identification.

8) On March 19, 2020 the Commander, Marine Corps Base Quantico issued a new Interim Access Control Policy (Exhibit 6) with sweeping changes to individuals wishing to visit, live, or work in the Town of Quantico. The policy had begun enforcement in January 2020 but had largely not been in writing outside of portions of rules I have located on Internet pages and Social Media postings. The policy had new requirements for using Fuller Road access to the Town of Quantico that violate the First and Fifth Amendments of the United States Constitution, and those violations continued in the December 2, 2020 policy.

9) The March 19, 2020 Interim Access Control Policy violated of the Administrative Procedures Act due to the failure to publish it as proposed rulemaking activity in the Federal Register, and those violations occurred again in the December 2, 2020 policy.

10) The March 19, 2020 Interim Access Control Policy violated the Privacy Act of 1974 as it was enacted prior to publishing a System of Records Notice that a database would be maintained on public wishing to visit private property and businesses or the Town of Quantico recreationally using Fuller Road. Those violations occurred again in the December 2, 2020 policy.

11) The March 19, 2020 Interim Access Control Policy violated the Paperwork Reduction Act by failing to obtain a license for public collections on collecting information from the public wishing to visit, live, or work in the Town of Quantico. This violation continued to occur in the December 2, 2020 policy.

12) The unlawful and unconstitutional policies of March 19, 2020 and December 2, 2020 have placed restrictions on ingress and egress using Fuller Road to the Town of Quantico without providing any alternative means of land access. The Quantico Commander now requires all individuals wishing to use Fuller Road to visit the Town of Quantico to pass a background check and consent to being registered in the Department of Defense visitor database. In addition, they require all individuals possess and present documents such as passports, birth certificates, social security cards, and the like in order to meet "REAL ID" requirements in order to permit use of Fuller Road to transit to and from the Town of Quantico. The State of Virginia does not require a "REAL ID" in order to drive a motor vehicle nor travel as a passenger in a motor vehicle, thus these requirements extend beyond those required to use any other Virginia highway or branch thereof.

13) The Interim Access Control Policy, and subsequent policies, were not established and added to the deed of my private property, nor did the Federal Government make any attempt to make requirements known to prospective future home buyers nor the Government in the County of Prince William (where the Town is located), or the State of Virginia legislature. As a result, the ongoing constitutional violations occurring by restrictions imposed by the Federal Government were not known to me when I purchased my private property in the Town of Quantico in August, 2021.

## III. Claim

1) The Marine Corps Quantico Installation has created a public nuisance on Fuller Road, the only road that exists for land travel to afford ingress and egress to the Town of Quantico, where I own a private residential property consisting of two (2) dwellings/rental units and a storage unit/garage on one lot.

2) The Marine Corps Quantico Installation policy dated December 2, 2020 entitled "Interim Access Control Policy" was in effect at the time of the harm for each event in the relief claimed. Specifically, Enclosure 4 of the policy entitled "Access Procedures for Town of Quantico" states, in part, under "Town of Quantico Visitors", paragraph b, that "When the Visitor Control Center is closed, visitors to the Town of Quantico are not be allowed (sic) access unless escorted by someone with an authorized credential of a Town resident/property owner."

3) The December 2, 2020 Interim Access Control Policy required me to bear an unreasonable burden as a property owner to obtain access to and make reasonable use of my property through the only means of land access using Fuller Road. The policy also interfered with free commerce in limiting my ability to select which individuals can transit to and make subsequent repairs to my private property.

4) The Marine Corps Quantico Installation has not provided any compensation for their unconstitutional policy restricting access to transit to the Town of Quantico using Fuller Road and have been dismissive of concerns I have raised through filing of complaints, damages claims, and contacts with local and state representatives. The Marine Corps Quantico Installation restrictions have resulted in damages due to the diminished rental income and inability to have my invited guests make use of my private property.

## IV. Relief

1) I filed three (3) claims with the Department of the Navy under the Federal Tort Claims Act from August to September 2022. A denial of all three (3) claims was made by the Department of the Navy, Tort Claims Unit Norfolk, on July 19, 2023 (Exhibit 7). I am seeking relief for loss of use damages totaling $5,528.39.

2) I am seeking damages due to loss of free use of my private property in the Town of Quantico from September 4 - October 2, 2021, in the amount of $4,200.00. On the evening of September 4, 2022, I had friends/guests traveling in separate vehicle to help make repairs/renovations. The sentry gate guard indicated they could not bring their personal vehicle and the only way I could allow them to come in is to use my DoD Credential as a

DoD employee and have them come in my own vehicle as they don't allow town residents to serve as escorts. He said that if I anticipate them coming, we should have gone to the visitor's center before they closed at 3 PM and obtained a visitor pass for them, despite the statement I made that they are both working during the day and cannot get there during those hours. I had a loss of use valued at $150.00 per day which is a reasonable amount equivalent for what a 2-bedroom/1-bathroom fully furnished unit, such as a hotel, would be to rent each day and represents lost daily value for use of my property. (Filed July 26, 2022 with the Department of the Navy where they assigned the claim case #Ser J221055 on August 24, 2022) (Exhibit 8)

3) I am seeking damages for loss of free use of my private property in the Town of Quantico for October 21, 2021 in the amount of $278.39. An individual made a reservation to stay at my property using the AirBnB platform and, upon arrival to the Marine Corps Quantico Fuller Road gate, the individual was denied access and told he could not proceed because he needed to arrive prior to the visitor center closing at 3PM. As a result of his inability to comply with the existing Commander's order that individuals wishing to visit the town unescorted must have a visitor pass, which can only be obtained during the hours the Marine Corps Quantico Visitor Control Center is open, I had to refund his reservation for overnight accommodations. (Filed July 26, 2022 with the Department of the Navy where they assigned the claim case #Ser J220156 on August 24, 2022) (Exhibit 9)

4) I am seeking damages for loss of free use of my private property due to the Marine Corps Quantico denial to use Fuller Road to transit to the Town of Quantico from August 12-19, 2022 in the amount of $1,050.00. I had hired an individual to make repairs and begin renovations at my property following the tenant vacating the week prior. The Marine Corps Quantico Visitor Control Center denied him access to use Fuller Road to transit to the Town of Quantico due to his previous felony conviction. They indicated that if he was to go to my property he would be arrested and charged with trespassing. The delay in beginning renovations for one week has a reasonable value of $150.00 per day, equivalent to the cost to rent a 1-bedroom/1-bathroom fully furnished unit with private 2.5 car climate-controlled parking and storage/laundry unit for one week. (Filed August 19, 2022 with the Department of the Navy where they assigned the claim case #Ser J221098 on September 6, 2022) (Exhibit 10)

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: January 18, 2024
Signature of Plaintiff: *Jennifer Nikolaisen*
Printed Name of Plaintiff: Jennifer A. Nikolaisen

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRIGINIA
__Alexandria__ DIVISION



___Jennifer A. Nikolaisen___
Plaintiff(s),

v.

___Department of the Navy___
Defendant(s).

Civil Action Number: __1:24 cv 88__

2024 JAN 18 P 1:59

## LOCAL RULE 83.1(M) CERTIFICATION

I declare under penalty of perjury that:

No attorney has prepared, or assisted in the preparation of ___Complaint for a Civil Case___
(Title of Document)

___Jennifer A. Nikolaisen___
Name of *Pro Se* Party (Print or Type)

___Jennifer Nikolaisen___
Signature of *Pro Se* Party

Executed on: ___January 18, 2024___ (Date)

OR

The following attorney(s) prepared or assisted me in preparation of _____.
(Title of Document)

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)
Prepared, or assisted in the preparation of, this document

_____
(Name of *Pro Se* Party (Print or Type)

_____
Signature of *Pro Se* Party

Executed on: _____ (Date)