IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JENNIFER NIKOLAISEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:24-cv-88 (LMB/LRV) |
| ) | |
| DEPARTMENT OF THE NAVY, ) | |
| ) | |
| Defendant. ) | |

ORDER

On April 26, 2024, pro se plaintiff Jennifer Nikolaisen ("plaintiff"), the owner of property in the town of Quantico, Virginia, and counsel for defendant Department of the Navy ("defendant") appeared for a hearing on defendant's Motion to Dismiss plaintiff's Complaint [Dkt. No. 5], which principally alleges that, under the Federal Tort Claims Act ("FTCA"), the 2020 United States Marine Corps Base Quantico Commander's Interim Access Policy that governs access to the Marine Corps Base installation in Quantico, Virginia is a public nuisance. The Complaint describes several instances in which visitors and workers were delayed in or barred from coming to plaintiff's property because of the Interim Access Policy. Plaintiff seeks monetary compensation totaling $5,528.39 for these nuisances, which is her only requested relief.

The Court orally granted defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1), explaining that the FTCA provides a limited waiver of the United States' sovereign immunity and is the exclusive means by which a plaintiff can sue the United States for money damages in tort actions. The Court also explained that FTCA's discretionary function exemption precludes a

court's exercise of jurisdiction over claims such as the one brought by the plaintiff when the action as issue is "based upon the exercise or performance . . . [of] a discretionary function or duty on the part of a federal agency." 28 U.S.C. § 2680(a).

As explained in open court, setting standards for travelers driving through a military base involves an element of judgment on that base's commander. In this case, the Marine Base Quantico Commander is tasked with establishing physical security measures to ensure the protection of Department of Navy personnel and property. Such judgment is based on considerations of public policy given that the Marine Corps Base performs crucial military functions, including "hous[ing] the Marine Corps' Presidential helicopter squadron as support for the President of the United States" and "serv[ing] as headquarters for the Marine Corps' Systems Command, training every Marine Corps officer." United States v. Tate, 129 F.3d 118 (4th Cir. 1997) (unpublished). Because the United States has not waived its sovereign immunity for the kind of activity at issue in plaintiff's Complaint, this Court lacks subject matter jurisdiction to award her any relief.[1] Accordingly, defendant's Motion to Dismiss [Dkt. No. 5] is GRANTED, and it is hereby

---

[1] Though plaintiff is principally bringing this action under the FTCA, the Complaint includes scattered references to the First and Fifth Amendments, the Administrative Procedure Act, the Privacy Act of 1974, and the Paperwork Reduction Act to challenge the validity of the Interim Access Policy. In liberally construing plaintiff's Complaint, she fails to plausibly allege any constitutional or federal violations. For example, the Paperwork Reduction Act does not authorize a private right of action, see Choiniere v. Managed Health Servs., 2009 WL 1015128, at *2 (E.D. Mich. Apr. 15, 2019) (collecting cases); the Privacy Act requires factually pleading that defendant's conduct was "intentional or willful," Dagulo v. United States, 2020 WL 2846488, at *6 (E.D. Va. Apr. 17, 2020), which the Complaint has not done; the APA only waives the United States' sovereign immunity for claims not seeking monetary damages, see Caldwell v. Dep't of Educ., 2022 WL 204395, at *3 (D. Md. Jan. 24, 2022); and the Complaint fails to factually plead any violation of the First or Fifth Amendments.

ORDERED that the Complaint be and is DISMISSED WITHOUT PREJUDICE.

The Clerk is directed to enter judgment in favor of defendant Department of the Navy under Fed. R. Civ. P. 58; forward copies of this Order to counsel of record and to plaintiff, pro se; and close this civil action.

Entered this 7th day of May, 2024.

Alexandria, Virginia

/s/ _____
Leonie M. Brinkema
United States District Judge